The Chief Justice
delivered the opinion of the court.
This was an action of ejectment, brought to recover the possession of part of a lot in the town of Hopkinsville. On the trial in the circuit court, it was admitted by the parties, that the title had been in one Witter, and the plaintiff produced in evidence, a deed for the lot from Wit - ter to Evans, and a deed from Evans to the plaintiff. The defendants, on their part, produced a deed, purporting to have been made by the sheriff to them, as purchasers at a sale under an execution against the estate of Witter, and having adduced evidence conducing to prove the deed from Witter to Evans fraudulent, they moved the court to instruct the jury, that if, from the evidence, they were of opinion that said deed was fraudulent as to creditors and purchasers, whether the plaintiff had notice of such fraud or not, they must find for the defendants. The court gave the instruction, and the jury having fpund a verdict accordingly, judgment was' thereupon entered, from which the plaintiff prosecutes this appeal,
We are of opinion the circuit court erred in the instruction given to the jury. As the sale by the sheriff to the ^e^en^ants’ though subsequent to the conveyance from Witter to Evans, was prior to the conveyance from the latter to the plaintiff, it was certainly immaterial whether the P^a*nt*^ had notice or not, that the conveyance from Wit-to Evans was fraudulent; but whether that conveyance was fraudulent or not, is equally immaterial, unless the defendants had placed themselves in'an attitude which would cna^*ft them to take advantage of the fraud. This, we apprehend, they have not done. The statute against frauds anJ perjuries, makes a fraudulent deed void as to creditor aa<^ Puvchasers and as the defendants themselves are not pretended to have been creditors of, or purchasers from, Witter, it is clear, that to have availed themselves of the ^raut^ an}'i in the conveyance from Witter to Evans, they should have shewn that the sale was made to them by the sheriff, in virtue of an execution, issued at the suit of a cre<^t°r °f Witter. This they could have done, only by producing a copy of the judgment and execution. But neither of them Was produced. Had the sheriff been sued *115 by Evans for seizing and selling the lot, he could not have been justified upon the ground of the fraud iu the convey-anee from Witter, but by producing a copy of the judgment as well as the execution: — -5 Burrow, 2631; Peak’s Evidence, 417. And most indisputably, the defendants cannot protect themselves in the possession of the lot under the deed from the sheriff, without the production of such evidence as would be sufficient to shew that he was justified in making'the sale. ,
Littell for plaintiff in error, Bibb contra,
Ifthi sher-u„der the* e. ecu’n, he can °!% protect “g tS judgment & execution: a ⅛ can. not be more favored.
Judgment reversed with cost, and the cause remanded, that a new trial may be had in the circuit court, not inconsistent with the foregoing opinion.